**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Captain Transport & Recovery, Inc. | Case No. 17-33195 (Lead) |
| Northland Recovery Bureau, Inc. | Case No. 17- 33196 |
| Debtors | Chapter 11 Cases |

---

**NOTICE OF HEARING AND MOTION FOR EXPEDITED RELIEF
AND FOR AN ORDER AUTHORIZING USE OF CASH
COLLATERAL ON A PRELIMINARY AND FINAL BASIS**

---

TO:  ALL PARTIES IN INTEREST AND OTHER ENTITIES AS SPECIFIED IN LOCAL RULE 9013-3:

1.  Captain Transport & Recovery, Inc ("Captain Transport" or "Debtor") and Northland Recovery Bureau, Inc. ("Northland") (collectively the "Debtors"), through its undersigned attorneys, move this Court for the relief requested below and give notice of hearing.

2.  The court will hold a <u>preliminary expedited hearing</u> on this motion at 9:00 am on October 18, 2017, or as soon thereafter as counsel may be heard, in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge.

3.  The court will hold a <u>final hearing</u> on this motion at November 21, 2017 at 3:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 2B of the Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge. THE HEARING ON THIS MOTION OR THE PRELIMINARY

MOTION MAY BE CONTINUED BY THE COURT, AT THE HEARING, WITHOUT FURTHER NOTICE TO ANY PARTY. Any response to the preliminary hearing must be filed and delivered not later than the time set forth for hearing.

4. Any response to the final hearing must be filed and delivered not later than five business days before the time set forth for the hearing, including Saturdays, Sundays and holidays. IF OBJECTIONS ARE NOT SERVED AND FILED IN A TIMELY MANNER, THE COURT MAY GRANT THE REQUESTED RELIEF WITHOUT A HEARING IN ACCORDANCE WITH LOCAL RULE 9013-2(f).

5. The petition commencing this Chapter 11 case was filed on October 9, 2017 (the "Filing Date"), and the case is now pending before this court.

6. This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, Bankruptcy Rule 4001, 5005, and Part IX of the Local Rules. This motion is filed under Bankruptcy Rule 4001(b) and Local Rule 4001-2. This proceeding arises under 11 U.S.C. § 363.

7. Movant requests the following relief:

   (a) For a preliminary and final order allowing Debtor to use cash collateral as defined in 11 U.S.C. § 363 in the Bankruptcy Code.
   (b) For an order granting Debtor the right to a preliminary hearing for the use of cash collateral on an expedited basis.
   (c) For such other and further relief as the court deems just and equitable.

8. The creditors with purported liens in cash collateral are set forth on Exhibit B, with the amount of the debt and collateral relating to each.

9. Each of the secured creditors with a lien on cash collateral is hereafter referred to as the "Cash Collateral Creditors."

10. As of the Filing Date, the Debtor had cash collateral assets with a value of approximately $25,000.00 (consisting of cash and accounts receivable at liquidation). The Debtor projects that the value of cash collateral, as of October 18, 2017 (the preliminary hearing date) will be approximately $30,000.00, and as of November 21, 2017 (the final hearing date) will be $ 65,000.00.

11. As required by Local Rule 4001-2, attached hereto are (i) a liquidation analysis (Exhibit A), (ii) a verified schedule of debt secured by collateral (Exhibit B), (iii) a projected cash flow statement through December 31, 2017 (Exhibit C), and (iv) a budget of expenditures of the company, pending final hearing on approval of the use of cash collateral (Exhibit D) that need to be expended to avoid immediate and irreparable harm to the estate.

12. Exhibit C provides a description of the collateral and its approximate value at the end of the period for which Debtor seeks authorization to use cash collateral.

13. By reason of the foregoing, and based upon the projected values and the cash flow projection, the position of the creditors who hold a lien in cash collateral including cash, accounts receivable and inventory (those items turned into cash in the orderly course of business), remains stable and even increases in value.

14. Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including purchases, insurance, utilities, payroll, and payroll taxes and rent. Debtor shall be able to operate, on a cash basis, and believes that it will be able to obtain a confirmed plan and a reorganization in accordance with existing rules and statutes.

15. As and for adequate protection, Debtor proposes that it be authorized to grant to

the Cash Collateral Creditor (and all creditors having a lien in cash collateral), a replacement lien or a security interest in any new assets, materials and accounts receivable, generated from the use of cash collateral, with the same priority, dignity, and validity of prepetition liens or security interests. Specifically, the Debtor proposes granting a replacement lien to the Cash Collateral Creditors to the extent that it protects them against diminution of the value of their collateral as it existed at the time of the commencement of this proceeding.

16. As additional adequate protection, Debtor proposes (1) to maintain insurance on all of the property in which the Cash Collateral Creditor (and all other secured creditors) claim a security interest; (2) to pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (3) provide the Cash Collateral Creditor (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (4) all cash proceeds and income of the Debtor will be deposited into a Debtor in Possession Account (i.e., the "DIP" account).

17. Debtor believes it can operate in Chapter 11, and can, within a reasonable time period, propose and confirm a plan of reorganization through the use of the advantages of Chapter 11, including the use of §1129 of the Bankruptcy Code, and other sections.

18. The reason for the request for expedited hearing is that Debtor requires the use of cash collateral in order to carry on its business activities, to pay for its current operations, including insurance, utilities, fuel, payroll, and payroll taxes. The disruption of its operations would cause irreparable damage to the Debtor.

19. Debtor has given notice by ECF, e-mail and U. S. mail (as set forth in the affidavit of service) of this motion to parties in interest specified in Local Rule 9013-3. The Debtor requests that the court find under the circumstances that the notice given was adequate

and expedited hearing is appropriate.

20. Pursuant to Local Rule 9013-2, the Debtors give notice that it may, if necessary, call Kayihan Seran, President of the two Debtors, to testify on behalf of the Debtors about the factual matters raised in this motion. The business address for this potential witness is: 1800 Highway 13 W, Burnsville, MN 55337.

21. This motion is further supported by a memorandum of law, attached hereto and incorporated by reference herein.

WHEREFORE, Debtor prays for an order of the court as follows:

1. Granting Debtor a hearing on its expedited motion.
2. Authorizing the Debtor to continue to use cash collateral within the provisions of Section 363, until the final hearing.
3. Authorizing the Debtor to grant to the Cash Collateral Creditors (and any other entity holding a lien in cash collateral) as and for adequate protection of its secured interest, the right to a replacement lien and post-petition security interest, to the same validity, priority, and extent of its security interest held prepetition, in any and all new cash collateral including new inventory receivables of Debtor. Such replacement lien will secure it against diminution of the value of its collateral, as it existed as of the commencement of this case.
4. Granting such other further protections as the court deems reasonable, so as to adequately protect the secured creditors' position, and allow the Debtor to use cash collateral in the ordinary course of business.
5. For such other and further relief as the court may deem just and equitable.

Respectfully submitted,

Dated: October 13, 2017  /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
Elaine D.W. Wise (#387871)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: 651-209-3550 / 651-789-2179 (f)
*Proposed Attorneys for the Debtor*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| In re: | Joint Administration Pending |
| Captain Transport & Recovery, Inc. | Case No. 17-33195 (Lead) |
| Northland Recovery Bureau, Inc. | Case No. 17- 33196 |
| Debtors | Chapter 11 Cases |

---

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR EXPEDITED RELIEF AND FOR AN ORDER AUTHORIZING USE OF CASH COLLATERAL
ON A PRELIMINARY AND FINAL BASIS**

---

Captain Transport & Recovery, Inc ("Captain Transport" or "Debtor") and Northland Recovery Bureau, Inc. ("Northland") (collectively the "Debtors"), by and through its attorneys, submits this memorandum of law in support of its motion for expedited relief and for an order authorizing use of cash collateral pending a final hearing and its motion for an order authorizing the use of cash collateral. The petition commencing this Chapter 11 case was filed on September 12, 2017 (the "Filing Date").

Section 363 of the Bankruptcy Code prohibits a debtor from using cash collateral without the consent of the secured party having an interest in such collateral or court order. Such an order can be entered if the debtor offers adequate protection to the party or parties with a secured interest, in cash collateral.

In this case, Debtor has cash collateral assets with a value (at liquidation) of approximately $25,000.00 as of the Filing Date (consisting of cash, inventory and net receivables). The value of those assets as of October 18, 2017 (the preliminary hearing

date) is projected to be approximately $30,000.00, and as of November 21, 2017 (the final hearing date) the value is projected to be $ 65,000.00. The value of the Cash Collateral will at all times be in excess of the value of such collateral as of the Filing Date.

The Exhibits A, B and C, included herewith, show that the secured creditors' positions (as more thoroughly set forth below) will not be harmed by continued operations during the period that Debtor requests use of cash collateral.

Exhibit B set forth the secured lenders and the amounts they are owed.

The motion assumes that the Cash Collateral Creditors are properly perfected; however, the Debtor has not had the time to determine whether the Cash Collateral Creditors' interest in Cash Collateral is perfected or whether the documents purportedly collateralizing the Cash Collateral Creditor's loans with the Debtor's assets are legally sufficient. The Debtor need only show that it will be able to maintain the value of the cash collateral in order to be allowed the use of cash. See United Savings Assoc. v. Timbers of Linwood Forest, 108 S. Ct. 626 (1988). Here, Debtor can maintain the value of collateral.

It is proposed that the Cash Collateral Creditors receive a replacement lien in the assets of the Debtor, and that by virtue thereof, it is adequately protected in this case. The grant of such lien will be to the same extent, priority and dignity of any lien it had or may have had prepetition. Furthermore, the replacement lien will be enforceable post-petition, only to the extent necessary to protect the interests of the Cash Collateral Creditor against the diminution of value of the pre-petition collateral as of the time of filing of the case. In addition, the Debtor will otherwise preserve the value of the cash collateral, and all other collateral, during the pending of this case, as more fully set forth in the motion.

Cash flow projections filed with this motion indicate Debtor will be able to maintain

the status quo and improve its condition on a cash basis through this case. The secured parties' interests, therefore, are adequately protected.

This memorandum is submitted in support of Debtor's motion for an order authorizing it to use cash collateral on a temporary basis subject to a final hearing required by Bankruptcy Rule 4001(b).

Respectfully submitted,

Dated: October 13, 2017  /e/ John D. Lamey III
John D. Lamey III, Esq. (#312009)
Elaine D.W. Wise (#387871)
**LAMEY LAW FIRM, P.A.**
980 Inwood Avenue North
Oakdale, MN 55128
Telephone: (651) 209-3550
Facsimile: (651) 789-2179
*Proposed Attorneys for the Debtor*

# United States Bankruptcy Court
### District of Minnesota

In re **CAPTAIN TRANSPORT & RECOVERY, INC.**  
                           Debtor(s)

Case No.  
Chapter   **11**

## LIQUIDATION SUMMARY

| Description | Total Amount | Real Property | Personal Property |
|---|---|---|---|
| Total Property Value | 1,530,301.00 | 1,200,000.00 | 330,301.00 |
| Less: | | | |
| Schedule D. Secured Claims | 1,465,397.00 | 1,175,000.00 | 290,397.00 |
| Schedule C. Exemptions | 0.00 | 0.00 | 0.00 |
| **Interest in Nonexempt Property** | 64,904.00 | 25,000.00 | 39,904.00 |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | 6,495.20 | | |
| Schedule E. Priority Claims | 157,570.00 | | |
| **Available to General Unsecured** | -99,161.20 | | |
| Total General Unsecured | 246,504.93 | | |
| Percent Distribution | 0% | | |
| **Details:** | | | |
| Unsecured from Schedule D | 82,414.00 | 0.00 | 82,414.00 |
| Unsecured from Schedule E | 0.00 | | |
| Unsecured from Schedule F | 164,090.93 | | |
| Estimated Chapter 7 Administrative Expenses: | | | |
|    11§326 Trustee Compensation on **$64,904.00** | 6,495.20 | | |
|    Add'l Trustee Cost as **0**% of §326 Fee | 0.00 | | |
|    Additional Admin Expense | 0.00 | | |
|    Total Estimated Admin Expense | 6,495.20 | | |

# United States Bankruptcy Court
**District of Minnesota**

In re **NORTHLAND RECOVERY BUREAU, INC.**
Debtor(s)

Case No.
Chapter **11**

## LIQUIDATION SUMMARY

| Description | Total Amount | Real Property | Personal Property |
|---|---|---|---|
| Total Property Value | 13,900.00 | 0.00 | 13,900.00 |
| Less: | | | |
| Schedule D. Secured Claims | 5,000.00 | 0.00 | 5,000.00 |
| Schedule C. Exemptions | 0.00 | 0.00 | 0.00 |
| **Interest in Nonexempt Property** | **8,900.00** | **0.00** | **8,900.00** |
| Less: | | | |
| Estimated Chapter 7 Admin Expenses | 1,640.00 | | |
| Schedule E. Priority Claims | 0.00 | | |
| **Available to General Unsecured** | **7,260.00** | | |
| Total General Unsecured | 13,915.73 | | |
| Percent Distribution | 52.17% | | |
| **Details:** | | | |
| Unsecured from Schedule D | 2,783.00 | 0.00 | 2,783.00 |
| Unsecured from Schedule E | 0.00 | | |
| Unsecured from Schedule F | 11,132.73 | | |
| Estimated Chapter 7 Administrative Expenses: | | | |
| 11§326 Trustee Compensation on $**8,900.00** | 1,640.00 | | |
| Add'l Trustee Cost as **0**% of §326 Fee | 0.00 | | |
| Additional Admin Expense | 0.00 | | |
| Total Estimated Admin Expense | 1,640.00 | | |

# **Exhibit B**

# **Secured Lenders**

| Creditor: | Amount Due*: | Collateral: |
|---|---|---|
| **Internal Revenue Service** | **$75,000.00** | **Blanket Lien** |
| **Wells Fargo Equipment Financing, Inc.** | **$138,000.00** | **Vehicles** |
| **Well Fargo Bank, N.A. (SBA)** | **$980,000.00** | **Blanket Lien, Mortgage, Assignment of Rents** |
| **Itria Ventures, LLC** | **$40,000.00** | **Blanket Lien** |
| **Fox Capital Group** | **$32,000.00** | **Blanket Lien** |
| **Minnesota Dept. of Revenue** | **$82,500.00** | **Blanket Lien** |
| **Forward Financing, LLC**** | **$7,800.00** | **Blanket Lien** |
| **Adelman Properties 2, LLC** | **$180,000.00** | **Mortgage** |
| **Zips Truck Equipment, Inc.** | **$91,000.00** | **Vehicles** |

*Amounts given are approximate

**Northland Recovery Bureau, Inc. obligation

# **<u>Exhibit C</u>**

# **Cash Flow Projections**

|  | Oct. 9 - 31, 2017 | Nov. 2017 | Dec. 2017 | TOTAL |
|---|---:|---:|---:|---:|
| **Ordinary Income/Expense** | | | | |
| **Income** | | | | |
|   4130 · GROSS REVENUE | 40,000.00 | 60,000.00 | 72,500.00 | 172,500.00 |
| **Total Income** | 40,000.00 | 60,000.00 | 72,500.00 | 172,500.00 |
| **Expense** | | | | |
|   6000 · Advertising | 250.00 | 250.00 | 250.00 | 750.00 |
|   6005 - Owner Compensation | 4,000.00 | 4,000.00 | 4,000.00 | 12,000.00 |
|   6010 · Wages and Taxes | 7,500.00 | 9,000.00 | 12,000.00 | 28,500.00 |
|   6030 · Credit Card Fees | 100.00 | 125.00 | 150.00 | 375.00 |
|   6070 · Maintenance | | | | |
|     6080 · Equipment Maintenance | 250.00 | 250.00 | 250.00 | 750.00 |
|     6090 · Yard Maintenance | | | 200.00 | 200.00 |
|   6110 · Automobile Expense | | | | |
|     6115 · Fuel | 4,500.00 | 5,000.00 | 5,750.00 | 15,250.00 |
|     6110 · Automobile Expense | | | | |
|   6120 · Bank Service Charges | 60.00 | 60.00 | 60.00 | 180.00 |
|   6180 · Insurance | | | | |
|     6505 · Automobile | | | | |
|     6515 · Officer Health Insurance | | | | |
|     6530 · Liability Insurance | 4,500.00 | 4,500.00 | 4,500.00 | 13,500.00 |
|   6240 · Miscellaneous | 100.00 | 100.00 | 100.00 | 300.00 |
|   6241 - Wells Fargo SBA / ZIP'S / Adelman | 8,500.00 | 8,500.00 | 8,500.00 | 25,500.00 |
|   6250 · Postage and Delivery | 45.00 | 45.00 | 45.00 | 135.00 |
|   6270 · Professional Fees | | | | |
|     6280 · Legal Fees | | 3,500.00 | 3,500.00 | 7,000.00 |
|     6565 · Accounting | 700.00 | 700.00 | 700.00 | 2,100.00 |
|   6300 · Repairs | | | | |
|     6310 · Building Repairs | 100.00 | 100.00 | 100.00 | 300.00 |
|     6330 · Equipment Repairs | 500.00 | 500.00 | 500.00 | 1,500.00 |
|   6340 · Telephone | | | | |
|     6345 · Communication | 600.00 | 600.00 | 600.00 | 1,800.00 |
|     6340 · Telephone - Other | 75.00 | 75.00 | 75.00 | 225.00 |
|   6390 · Utilities | | | | |
|     6400 · Gas and Electric | 750.00 | 1,000.00 | 1,400.00 | 3,150.00 |
|     6390 · Utilities - Other | 300.00 | 300.00 | 300.00 | 900.00 |
|     Office Supplies | 100.00 | 100.00 | 100.00 | 300.00 |
|     6605 · Security | 80.00 | 80.00 | 80.00 | 240.00 |
|   6610 · Taxes | | | | |
|     6640 · Property Taxes (Dakota) | 3,000.00 | 3,000.00 | 3,000.00 | 9,000.00 |
|   6900 - US TRUSTEE FEE | 0.00 | 0.00 | 650.00 | 650.00 |
| **Total Expense** | 36,010.00 | 41,785.00 | 46,810.00 | 123,955.00 |
| **Net Ordinary Income** | 3,990.00 | 18,215.00 | 25,690.00 | 47,895.00 |

# Exhibit D

# Budget Pending Final Hearing

| | Oct. 9 - 13, 2017 | Oct. 14 - 20 | Oct. 21 - 27 | Oct. 28 to Nov. 3 | Nov. 4 to Nov. 10 | Nov. 11 to Nov. 17 | Nov. 17 to 21 | TOTAL |
|---|---|---|---|---|---|---|---|---|
| **Ordinary Income/Expense** | | | | | | | | |
| **Income** | | | | | | | | |
| 4130 · GROSS REVENUE | 10,000.00 | 15,000.00 | 15,000.00 | 17,500.00 | 17,500.00 | 17,500.00 | 5,000.00 | 97,500.00 |
| **Total Income** | 10,000.00 | 15,000.00 | 15,000.00 | 17,500.00 | 17,500.00 | 17,500.00 | 5,000.00 | 97,500.00 |
| **Expense** | | | | | | | | |
| 6000 · Advertising | | 150.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 650.00 |
| 6005 · Owner Compensation | | 2,000.00 | | 2,000.00 | | 2,000.00 | 0.00 | 6,000.00 |
| 6010 · Wages and Taxes | | 4,250.00 | | 4,250.00 | | 6,000.00 | 0.00 | 14,500.00 |
| 6030 · Credit Card Fees | 50.00 | 50.00 | 50.00 | 50.00 | 75.00 | 75.00 | 75.00 | 425.00 |
| 6070 · Maintenance | | | | | | | | |
|   6080 · Equipment Maintenance | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 100.00 | 700.00 |
|   6090 · Yard Maintenance | | | | 75.00 | 75.00 | 75.00 | 75.00 | 300.00 |
| 6110 · Automobile Expense | | | | | | | | |
|   6115 · Fuel | 850.00 | 1,000.00 | 1,000.00 | 1,200.00 | 1,200.00 | 1,200.00 | 900.00 | 7,350.00 |
|   6110 · Automobile Expense | | | | | | | | |
| 6120 · Bank Service Charges | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 175.00 |
| 6180 · Insurance | | | | | | | | |
|   6505 · Automobile | | | | | | | | |
|   6515 · Officer Health Insurance | | | | | | | | |
|   6530 · Liability Insurance | | | | 4,500.00 | | | | 4,500.00 |
| 6240 · Miscellaneous | 0.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 300.00 |
| 6241 · Wells Fargo SBA / ZIP'S / Adelman | 0.00 | 0.00 | 0.00 | 8,500.00 | 0.00 | 0.00 | 0.00 | 8,500.00 |
| 6250 · Postage and Delivery | 0.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 20.00 | 120.00 |
| 6270 · Professional Fees | | | | | | | | |
|   6280 · Legal Fees | | | | | | | 3,500.00 | 3,500.00 |
|   6565 · Accounting | | | | 700.00 | | | 700.00 | 1,400.00 |
| 6300 · Repairs | | | | | | | | |
|   6310 · Building Repairs | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 300.00 |
|   6330 · Equipment Repairs | | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 200.00 | 1,200.00 |
| 6340 · Telephone | | | | | | | | |
|   6345 · Communication | | | | 600.00 | 0.00 | | 600.00 | 1,200.00 |
|   6340 · Telephone - Other | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 | 300.00 |
| 6390 · Utilities | | | | | | | | |
|   6400 · Gas and Electric | | | | 850.00 | 0.00 | | 1,400.00 | 2,250.00 |
|   6390 · Utilities - Other | | 85.00 | 85.00 | 85.00 | 85.00 | 85.00 | 85.00 | 510.00 |
|   Office Supplies | | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 25.00 | 150.00 |
|   6605 · Security | | | | 85.00 | | | 85.00 | 170.00 |
| 6610 · Taxes | | | | | | | | |
|   6640 · Property Taxes (Dakota) | | | | | | | 3,000.00 | 3,000.00 |
| 6900 - US TRUSTEE FEE | 0.00 | | | | 0.00 | | | 0.00 |
| **Total Expense** | 1,025.00 | 8,055.00 | 1,755.00 | 23,515.00 | 2,055.00 | 10,055.00 | 11,040.00 | 57,500.00 |
| **Net Ordinary Income** | 8,975.00 | 6,945.00 | 13,245.00 | -6,015.00 | 15,445.00 | 7,445.00 | -6,040.00 | **40,000.00** |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

| In re: | Joint Administration Pending |
|---|---|
| Captain Transport & Recovery, Inc. | Case No. 17-33195 (Lead) |
| Northland Recovery Bureau, Inc. | Case No. 17- 33196 |
| Debtors | Chapter 11 Cases |

**SEPARATE VERIFICATION OF CASH COLLATERAL AND
EXHIBITS PURSUANT TO LOCAL RULE 4001-2(a)**

Pursuant to Local Rule 4001-2(a) the undersigned hereby states under penalty of perjury that his is the President of the Debtors, that he has firsthand knowledge of the facts stated in the Notice of Motion and <u>Exhibits A-D</u> attached to the pending motion for use of cash collateral by the Debtor and that the facts set forth therein are true and correct, to the best of his knowledge.

Dated: October 13, 2017

_____
Kayihan Seran

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

_____

| | |
|---|---|
| In re: | Joint Administration Pending |
| Captain Transport & Recovery, Inc. | Case No. 17-33195 (Lead) |
| Northland Recovery Bureau, Inc. | Case No. 17- 33196 |
| Debtors | Chapter 11 Cases |

_____

**ORDER FOR USE OF CASH COLLATERAL PENDING FINAL HEARING**
_____

The Debtor's expedited motion for an order authorizing the use of cash collateral pending a final hearing came on for a hearing on Wednesday, October 18, 2017, before the Honorable William Fisher, United States Bankruptcy Judge. Appearances, if any, are noted on the record.

Based on the motion and supporting documents submitted by the Debtor for Use of Cash Collateral, and the files and records herein.

IT IS HEREBY ORDERED:

1. Pending the final hearing, the Debtor is authorized to use cash collateral to the extent set forth on <u>Exhibit D</u> to Debtor's motion in an amount no greater than $57,500.00.

2. All banks, lenders or depository institutions used by the Debtor are directed and authorized to release and return to Debtor all of Debtor's cash collateral and deposits, including any cash, credit card payments, accounts receivable and all checks received prior to the filing date (even if they have not yet cleared), and all other cash collateral received before, on or after the filing date; and allow Debtor access to its cash and receivables in order that Debtor can use its funds in the normal course of business, and give the Debtor an accounting of the same.

3. For purposes of adequate protection, and only to the extent of cash collateral used, the Debtor is authorized to grant any creditor having an interest in cash collateral a replacement lien in the Debtor's post-petition assets of the same type and nature as subject

to the pre-petition liens. Such liens shall have the same priority and affect as such lien creditors held on the pre- petition property of the Debtor, and are granted only to the extent of the diminution in value of such creditors' interest in pre-petition collateral.

      4.     As additional adequate protection, Debtor shall (a) maintain insurance on all of the property in which any secured creditor having a lien in Cash Collateral (and all other secured creditors) claims a security interest; (b) pay all post-petition federal and state taxes, including timely deposit of payroll taxes; (c) provide the Cash Collateral Creditors (and all other secured creditors, upon reasonable notice), access during normal business hours for inspection of their collateral and the Debtor's business records; and (d) deposit all cash proceeds and income into a Debtor in Possession Account ("DIP" account).

      5.     The replacement liens of the secured creditors are deemed properly perfected without any further act or deed on the part of the Debtor or the creditor.

      6.     A final hearing on the Debtor's motion will be held on November 21, 2017, at 3:30 p.m. in Courtroom 2B of the U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, before the Honorable William J. Fisher, United States Bankruptcy Judge. Any objection to the motion shall be filed and served or delivered prior to the final hearing in accordance with Local Rule 9006-1.

      7.     Entry of this order is without prejudice to the rights of any party-in-interest to dispute the validity, priority and effect of any security interest granted to any creditor claiming an interest in cash collateral.

Dated: _____

William J. Fisher
United States Bankruptcy Judge